Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
JOSE ISLAS CARBAJAL and JUAN CARLOS ISLAS CARBAJAL

                       *Plaintiffs*,

-against-

3606 ASSOCIATES INC. d/b/a PINK NORI, KI MOON RESTAURANT CORP. d/b/a PINK NORI, KIA NUEN TANG A/K/A DENNY OR DANNY, JESSE C TANG, MENG MING TANG, JERRY TANG, SIEW MOY LOW a/k/a Maggie Low, THEAN C CHONG and HUA LIU

                       *Defendants.*

---------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Case No.:** 24-cv-3500

JOSE ISLAS CARBAJAL and JUAN CARLOS ISLAS CARBAJAL ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., and as 3606 Associates Inc., Ki Moon Restaurant Corp., Kia Nuen Tang A/K/A Denny Or Danny, Jesse C Tang, Meng Ming Tang, Jerry Tang, Siew Moy Low A/K/A Maggie Low, Thean C Chong And Hua Liu, ("Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs were former employees of PINK NORI restaurant at 36-06 30th Ave Astoria, NY 11103.

2. Initially, PINK NORI was owned and operated by KI MOON RESTAURANT INC. which is a closely held corporation of the Tang family – KIA NUEN TANG A/K/A DENNY OR DANNY, JESSE C TANG, MENG MING TANG and JERRY TANG

1

(hereinafter the "TANG DEFENDANTS") who all operated the restaurant together.

3. Sometime in the summer of 2022, the TANG DEFENDANTS sold PINK NORI to SIEW MOY LOW a/k/a Maggie Low, THEAN C CHONG and HUA LIU who operated the business with a corporation called 3606 ASSOCIATES INC. (hereinafter the "LOW DEFENDANTS").

4. Plaintiffs were employed by Defendants as cooks, delivery persons, porters, custodians and general laborers at PINK NORI.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week.

6. Plaintiffs now bring this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff JOSE ISLAS CARBAJAL ("Plaintiff JOSE ISLAS CARBAJAL") is an adult individual residing in county of Queens, New York. Plaintiff JOSE ISLAS CARBAJAL was employed by Defendants from March 2019 until November 2022.

10. Plaintiff JUAN CARLOS ISLAS CARBAJAL ("Plaintiff JUAN CARLOS ISLAS CARBAJAL") is an adult individual residing in county of Queens, New York. Plaintiff JUAN CARLOS ISLAS CARBAJAL was employed by Defendants from December 2015 until October 2022.

11. 3606 ASSOCIATES INC. LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 36-06 30th Ave Astoria, NY 11103.

12. KI MOON RESTAURANT INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 36-06 30th Ave Astoria, NY 11103.

13. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

14. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY was an owner of KI MOON RESTAURANT INC.

16. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY had the power to hire and fire employees at Pink Nori and did indeed hire the Plaintiffs

17. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY had the final word on all business decisions at KI MOON RESTAURANT INC. including which contracts to enter on behalf of the business.

18. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY reviewed and controlled the financial records at KI MOON RESTAURANT INC. including payroll records and documents recording Plaintiff's wages and hours worked.

19. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY issued payment to Plaintiff.

20. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY supervised Plaintiff on a regular basis at work.

21. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of KI MOON RESTAURANT INC. and in fact did so.

22. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY actively hired and fired employees.

23. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY established and monitored Plaintiffs' work schedule and their duties.

24. Defendant KIA NUEN TANG A/K/A DENNY OR DANNY determined the rates of pay of employees and dictated other terms of their employment at KI MOON RESTAURANT INC. and personally implemented the pay practices at issue in this lawsuit.

25. Defendant JESSE C TANG is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JESSE C TANG is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26. Defendant JESSE C TANG possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

27. Defendant JESSE C TANG owns KI MOON RESTAURANT INC. and had the power to hire and fire employees including Plaintiffs.

28. Defendant JESSE C TANG had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of KI MOON RESTAURANT INC. and in fact did so.

29. Defendant MENG MING TANG is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MENG MING TANG is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

30. Defendant MENG MING TANG possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

31. Defendant MENG MING TANG is an owner of KI MOON RESTAURANT INC..

32. Defendant MENG MING TANG had the power to hire and fire employees at KI MOON RESTAURANT INC., including Plaintiffs

33. Defendant MENG MING TANG reviewed and controlled the financial records at KI MOON RESTAURANT INC. including payroll records and documents recording Plaintiff's wages and hours worked.

34. Defendant MENG MING TANG issued payment to Plaintiffs.

35. Defendant MENG MING TANG supervised Plaintiffs on a regular basis at work.

36. Defendant MENG MING TANG had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of KI MOON RESTAURANT INC. and in fact did so.

37. Defendant KI MOON RESTAURANT INC. actively hired and fired employees.

38. Defendant KI MOON RESTAURANT INC. established and monitored Plaintiffs' work schedule.

39. Defendant MENG MING TANG determined the rates of pay of employees and dictated other terms of their employment at KI MOON RESTAURANT INC.

40. Defendant JERRY TANG is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JESSE C TANG is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

41. Defendant JERRY TANG possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

42. Defendant JERRY TANG owns KI MOON RESTAURANT INC. and had the power to hire and fire employees including Plaintiffs.

43. Defendant JERRY TANG had the power to review and maintain employment records pertaining to the Plaintiffs and the pay practices of KI MOON RESTAURANT INC. and in fact did so.

44. Defendant JERRY TANG issued payment to Plaintiffs.

45. Defendant JERRY TANG supervised Plaintiffs on a regular basis at work

46. Defendant SIEW MOY LOW a/k/a Maggie Low is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JESSE C TANG is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

47. Defendant SIEW MOY LOW a/k/a Maggie Low possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

48. Defendant SIEW MOY LOW a/k/a Maggie Low began operating the restaurant in the summer of 2022 and took control of all daily operations including issuing pay, setting schedules and establishing work tasks for the Plaintiff.

49. Defendant SIEW MOY LOW a/k/a Maggie Low continued to same payment practices at issue in this lawsuit.

50. Defendant SIEW MOY LOW a/k/a Maggie Low had the power to hire and fire employees and ultimately discharged the Plaintiffs.

51. Defendants THEAN C CHONG and HUA LIU are the owners of the closely held 3606 ASSOCIATES INC.

52. Defendants THEAN C CHONG and HUA LIU had the power to hire and fire employees.

53. Defendants THEAN C CHONG and HUA LIU controlled the payroll practices and all accounting issues for 3606 ASSOCIATES INC.

54. Defendants THEAN C CHONG and HUA LIU ratified and or established the pay practices at issue in this lawsuit.

## **SUCCESSOR LIABILITY AS BETWEEN DEFENDANTS**

55. Defendants 3606 ASSOCIATES INC., SIEW MOY LOW a/k/a Maggie Low, THEAN C CHONG and HUA LIU ('Successor Defendants') are successors in interest and liability to the restaurant operated by Defendants KI MOON RESTAURANT CORP., KIA NUEN TANG A/K/A DENNY OR DANNY, JESSE C TANG, MENG MING TANG, JERRY TANG, ('Predecessor Defendants').

56. The Successor Defendants serve substantially the same menu offered by the Predecessor Defendant at the same location with substantially the same décor, furnishings, menu, staff and equipment.

57. The Successor Defendants have substantially the same job positions and employment structure as the Predecessor Defendant.

58. The Successor Defendants knew or should have known that the wage payments issued to Plaintiffs were a violation of the law because they continued those pay practices themselves without interruption or correction upon taking over the management of the business, and such payments were obviously below the threshold for workers in the Plaintiffs' positions.

59. Plaintiffs are unable to obtain complete relief from the Predecessor Defendant because those Defendants have transferred their principal known means of producing income to the Successor Defendants.

## FACTUAL ALLEGATIONS

60. Defendants are associated and joint employers, act in the interest of each other.

61. Defendants share common operations and acted jointly in the operation of 3606 ASSOCIATES INC., LLC.

62. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

63. Defendants are all experience restaurant owners who willfully and maliciously implemented the wage theft practices at issue in this lawsuit.

64. Defendants deliberately failed to maintain proper records of the Plaintiffs' hours worked and pay received in order to thwart their ability to vindicate their rights under the labor laws and to avoid a 'paper trail' of their wage payment violations, inter alia.

65. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

66. In the alternative, Defendants constitute a single employer of Plaintiff.

67. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

68. In each year from 2011 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

69. Defendants were each experienced business owners in the hospitality industry and had full knowledge of the pay and notice requirements under federal and state law.

70. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

71. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and beverage items were sold daily at and KI MOON RESTAURANT INC. and 3606 ASSOCIATES INC., such as rice, meat, flour, tortillas, cheese, soda and other food products.

72. Defendants employed more than 11 employees at all relevant times.

73. Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to each Plaintiffs' wages.

74. Defendants routinely withheld tips from Plaintiffs and gave tips to a managers and owners.

75. Defendant failed to give written notice or any proper notice that the Defendants intended to diminish their wages based on their receipt of tips.

76. Defendants routinely required Plaintiffs to spend more than 20% of each of their shift time or two hours within a day, performing non-tipped duties such as peeling vegetables, preparing food in the kitchen, cleaning in the kitchen, working on the cooking line, washing dishes, making salads and sauces, stocking inventory and supplies delivered by vendors, and more.

*Plaintiff* JOSE ISLAS CARBAJAL

77. Plaintiff JOSE ISLAS CARBAJAL was employed by Defendants from March 2019 until November 2022.

78. Throughout his employment with defendants, Plaintiff JOSE ISLAS CARBAJAL was employed as a cook, kitchen helper, delivery person, porter, custodian and general laborer.

79. Plaintiff JOSE ISLAS CARBAJAL work duties required neither discretion nor independent judgment.

80. Plaintiff JOSE ISLAS CARBAJAL was closely supervised and directed by Defendants in the scope of his tasks.

81. Plaintiff JOSE ISLAS CARBAJAL regularly worked in excess of 40 hours per week.

82. From approximately March 2019 until November 2022, Plaintiff JOSE ISLAS CARBAJAL typically worked five (5) days a week at the following schedule:

   i. Monday: 11:00 A.M. until 10:00 P.M.

   ii. Tuesday: Typical Day Off

   iii. Wednesday - 11:00 A.M. until 10:00 P.M.

   iv. Thursday: Typical Day Off

   v. Friday - 11:00 A.M. until 11:00 P.M.

   vi. Saturday - 11:00 A.M. until 11:00 P.M.

   vii. Sunday - 11:00 A.M. until 10:00 P.M.

83. The Defendants paid the Plaintiff at a fixed day rate of $80.00 per day without a premium for his overtime hours.

84. Defendants never provided Plaintiff JOSE ISLAS CARBAJAL with each payment of wages a proper statement of wages, as required by NYLL 195(3).

85. Defendants never provided Plaintiff JOSE ISLAS CARBAJAL' a proper notice in English and in Spanish (Plaintiff JOSE ISLAS CARBAJAL primary language), of his rate of

pay, employer's regular pay day, and such other information as required by NYLL §195(1).

86. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24-hour period.

*Plaintiff JUAN CARLOS ISLAS CARBAJAL*

87. Plaintiff JUAN CARLOS ISLAS CARBAJAL ("Plaintiff JUAN CARLOS ISLAS CARBAJAL") is an adult individual residing in county of Queens, New York. Plaintiff JUAN CARLOS ISLAS CARBAJAL was employed by Defendants from December 2015 until October 2022.

88. Throughout his employment with defendants, Plaintiff JUAN CARLOS ISLAS CARBAJAL was employed as a cook, kitchen helper, delivery person, porter, custodian and general laborer.

89. Plaintiff JUAN CARLOS ISLAS CARBAJAL work duties required neither discretion nor independent judgment.

90. Plaintiff JUAN CARLOS ISLAS CARBAJAL was closely supervised and directed by Defendants in the scope of his tasks.

91. Plaintiff JUAN CARLOS ISLAS CARBAJAL regularly worked in excess of 40 hours per week.

92. From approximately 2017 until October 2022, Plaintiff JOSE ISLAS CARBAJAL typically worked four (4) to five (5) days a week at the following schedule from between 10:00 A.M. until between 10:00 P.M. and 11:00 P.M.

93. The Defendants paid the Plaintiff at a fixed day rate of $80.00 per day without a premium for his overtime hours.

94. Defendants never provided Plaintiff JUAN CARLOS ISLAS CARBAJAL with

each payment of wages a proper statement of wages, as required by NYLL 195(3).

95. Defendants never provided Plaintiff JUAN CARLOS ISLAS CARBAJAL' a proper notice in English and in Spanish (Plaintiff JUAN CARLOS ISLAS CARBAJAL' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

96. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24-hour period.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

99. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

101. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

103. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

104. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

105. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

106. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

107. Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

108. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

110. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111. Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

112. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

114. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

115. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

116. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

117. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

119. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

120. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

121. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

123. Defendants are liable to each Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

124. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

125. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

126. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs

and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiffs;

(i) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
       May 13, 2024

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiffs*